T.C. Summary Opinion 2012-27

UNITED STATES TAX COURT

BENJAMIN C. SOTUYO AND CRISTINA C. CARO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25692-10S.                    Filed March 27, 2012.

Benjamin C. Sotuyo and Cristina C. Caro, pro sese.

R. Jeffrey Knight and Kaitlyn Loughner (student), for respondent.

SUMMARY OPINION

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This case arises from petitioners' requests for relief from joint and several liability under section 6015 with respect to an understatement of Federal income tax for 2008. Each petitioner requested relief as an affirmative defense to a notice of deficiency issued by respondent. After concessions,[1] the issues for decision are whether: (1) petitioner husband (Mr. Sotuyo) is entitled to relief under section 6015(b), (c), or (f); and (2) petitioner wife (Ms. Caro) is entitled to relief under section 6015(f).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Mr. Sotuyo filed a petition and an amended petition. Ms. Caro then filed an amendment to the

---

[1]Petitioners concede they failed to report $9,600 of income on their 2008 Federal income tax return. Respondent concedes that petitioners are entitled to a withholding credit of $762.

amended petition. Petitioners resided in Maryland when the petition, the amended petition, and the amendment to the amended petition were filed.

Ms. Caro emigrated to the United States from Mexico in 2004. She married Mr. Sotuyo in July 2005. The couple married in California, and one child was born to the couple during their marriage. In 2006 Mr. Sotuyo's employer transferred him from California to Maryland.

Mr. Sotuyo and Ms. Caro's marriage began to deteriorate. In August 2007 the Howard County Police Department responded to a domestic violence incident that involved petitioners. An incident report was completed by a Howard County police officer that lists Ms. Caro as the victim and Mr. Sotuyo as the other person involved. No arrest was made, and Ms. Caro did not file charges with the court commissioner.

The couple electronically filed a joint Federal income tax return for 2008 on February 5, 2009. Petitioners concede that income of $9,600 was omitted from their 2008 return. Kennedy Dolan reported the income on Form W-2, Wage and Tax Statement, and the income is attributable to Ms. Caro. The entire deficiency from 2008 stems from petitioners' failure to report Ms. Caro's Kennedy Dolan wages. Petitioners' 2008 refund was deposited into Mr. Sotuyo's separate account.

The couple separated in June 2009. Their voluntary separation and marital settlement agreement states that petitioners "shall have joint legal and shared physical care and custody" of their child and that each individual will be liable for any tax deficiency that arises from his or her individual income reported on joint Federal income tax returns filed during the marriage. Mr. Sotuyo and Ms. Caro divorced in June 2010.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due for that year. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). In certain circumstances, however, a spouse who has filed a joint return may seek relief from joint and several liability under procedures set forth in section 6015. Sec. 6015(a), (f).

Under section 6015(a) a spouse may seek relief from joint and several liability under section 6015(b) or, if eligible, may allocate liability according to provisions set forth in section 6015(c). If a taxpayer does not qualify for relief under either section 6015(b) or (c), the taxpayer may seek equitable relief under section 6015(f).

Where an individual elects to have section 6015(b) or (c) apply, or in the case of an individual who requests equitable relief under section 6015(f), section 6015(e) gives jurisdiction to the Court "to determine the appropriate relief available to the individual under this section".

I.      Burden of Proof

Except as otherwise provided in section 6015, the taxpayer bears the burden of proving that he or she is entitled to section 6015 relief. Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), aff'd, 101 Fed. Appx. 34 (6th Cir. 2004). Under subsections (b) and (c) a taxpayer need only persuade the Court by a preponderance of the evidence. Stergios v. Commissioner, T.C. Memo. 2009-15; see also McClelland v. Commissioner, T.C. Memo. 2005-121.

Under subsection (b) the taxpayer must prove to the Court that in signing a return he or she had no knowledge or reason to know of the understatement and meets the other requirements of the subsection.

Under subsection (c) the taxpayer must prove to the Court that he or she meets the subsection's requirements. Sec. 6015(c)(2). If the taxpayer does not so prove or if the Commissioner proves to the Court that any one of the three exceptions for which the Commissioner bears the burden of proof applies, relief will be denied. See sec. 6015(c)(3)(A)(ii), (C), (d)(3)(C).

II.     Mr. Sotuyo

Mr. Sotuyo seeks relief under section 6015(b), (c), and (f).

A.      Subsection (b)

Subsection (b) provides relief from joint and several liability for tax (including interest, penalties, and other amounts) to the extent that such liability is attributable to an understatement of tax.  To be eligible for relief, the requesting spouse must satisfy all five elements of subsection (b)(1).  See also Alt v. Commissioner, 119 T.C. at 313 (requirements for section 6015(b) relief are conjunctive).  One element is that the requesting spouse establish that in signing the return he or she did not know, and had no reason to know, that there was an understatement of income tax.  Sec. 6015(b)(1)(C).

Under subparagraph (C) Mr. Sotuyo must prove that he did not know or had no reason to know that there was an understatement of income tax on the 2008 return.  The record contains no evidence establishing that Mr. Sotuyo had actual knowledge that the couple's 2008 return contained an understatement when he

signed it.[2]  Therefore, the Court's analysis is governed by whether Mr. Sotuyo had reason to know of the understatement when he signed the 2008 return.

The Court uses the following test to determine a requesting spouse's reason to know of an understatement:  whether a reasonably prudent taxpayer in the requesting spouse's position, when the requesting spouse signed the return, could be expected to know that the return contained an understatement or that further investigation was warranted.  Haltom v. Commissioner, T.C. Memo. 2005-209 (and cases cited therein).  Thus, a requesting spouse has a "duty of inquiry".  Butler v. Commissioner, 114 T.C. at 284.  This duty of inquiry is a subjective test that focuses on the requesting spouse.  See id.; Haltom v. Commissioner, T.C. Memo. 2005-209.

Mr. Sotuyo is college educated and handled most of the couple's household finances.  He also prepared the couple's joint Federal income tax returns. Although Mr. Sotuyo consistently testified that he did not know that Ms. Caro worked at Kennedy Dolan in 2008, he also testified that he knew Ms. Caro

---

[2]Petitioners' testimony was replete with he-said-she-said arguments. Although Ms. Caro questioned Mr. Sotuyo repeatedly about his actual knowledge of the unreported income, he consistently answered that he knew that she worked for Kennedy Dolan in 2007 but was unaware that she continued to be employed there in 2008.  Mr. Sotuyo's actual knowledge of the understatement will be examined further in the Court's discussion of the requirements of subsec. (c).

performed services at several places in 2008--she volunteered for some and was compensated by others.

If Ms. Caro provided only one Form W-2 to Mr. Sotuyo when he prepared the couple's 2008 joint return, a reasonably prudent taxpayer in his position would have known that further investigation was warranted. By his own admission, Mr. Sotuyo knew that Ms. Caro performed services for multiple entities in 2008. Mr. Sotuyo testified that he relied on the information Ms. Caro provided him to complete the couple's joint return and that she provided him only one Form W-2. A reasonably prudent taxpayer in Mr. Sotuyo's position would have asked Ms. Caro if she had additional Form W-2 income that needed to be reported.

The Court concludes that Mr. Sotuyo had reason to know of Ms. Caro's income from Kennedy Dolan. Therefore, he is not entitled to relief under subsection (b).

B.      Subsection (c)

Subsection (c) allows proportionate tax relief through allocation of the deficiency between individuals who filed a joint return and are no longer married, are legally separated, or have been living apart for a 12-month period. Petitioner and intervenor were legally separated in June 2009 and divorced in June 2010.

Relief under subsection (c) is not available if the Commissioner demonstrates that the requesting spouse had actual knowledge, at the time the return was signed, of any item giving rise to a deficiency (or portion thereof) that is not allocable to such individual. Sec. 6015(c)(3)(C); Hopkins v. Commissioner, 121 T.C. 73, 86 (2003); Cheshire v. Commissioner, 115 T.C. 183, 193-194 (2000), aff'd, 282 F.3d 326 (5th Cir. 2002). The actual knowledge standard is narrower than the reason to know standard of subsection (b) or (f). McDaniel v. Commissioner, T.C. Memo. 2009-137; see also S. Rept. No. 105-174, at 59 (1998), 1998-3 C.B. 537, 595 ("[A]ctual knowledge must be established by the evidence and shall not be inferred based on indications that the electing spouse had a reason to know."). The Commissioner has the burden of proof to establish actual knowledge at the time such individual signed the return. See sec. 6015(c)(3)(C).

Mr. Sotuyo consistently testified that he knew Ms. Caro worked at Kennedy Dolan in 2007 but did not know that she worked there in 2008. Respondent moved into evidence an email chain between Mr. Sotuyo and Ms. Caro from February 6, 2009, to prove that Mr. Sotuyo had actual knowledge of the Kennedy Dolan income for 2008. The emails consist of discussions about the amount of taxes withheld from Ms. Caro's paychecks and a Form W-2 from Kennedy Dolan.

In one email specifically, Ms. Caro expressed to Mr. Sotuyo: "I think I need the other W2 from Kennedy and Dolan I was there for 3 months last year." It is clear that Mr. Sotuyo received this email. His response is about the number of exemptions Ms. Caro should list on her Form W-4, Employee's Withholding Allowance Certificate. He did not respond to her mention of the "other W2 from Kennedy and Dolan".

This evidence is tenuous at best to establish Mr. Sotuyo's actual knowledge of the income from Kennedy Dolan for 2008. Moreover, these emails were sent and received the day after the 2008 return was filed electronically. Even if the Court was convinced that this evidence established Mr. Sotuyo's actual knowledge, he did not have that knowledge at the time he signed the return. See sec. 6015(c)(3)(C). Respondent has failed to meet his burden to establish that Mr. Sotuyo had actual knowledge of the Kennedy Dolan income at the time he signed the return.

Relief granted under subsection (c) will be allocated under subsection (d). Section 6015(d)(3)(A) provides that items giving rise to a deficiency on a joint return are to be allocated between spouses as if separate returns had been filed. The requesting spouse is liable only for his or her proportionate share of the deficiency that results from the allocation. Sec. 6015(d)(1). Where, as here, the

joint return omits items of income, those items are allocated to the spouse who was the source of the income. Sec. 1.6015-3(d)(2)(iii), Income Tax Regs.

The parties stipulated that the unreported income is attributable to Ms. Caro. The Court concludes that Mr. Sotuyo is entitled to relief for the entire amount of the deficiency under section 6015(c) for 2008.[3]

III.    Ms. Caro

Ms. Caro's only avenue for relief is under subsection (f) because the deficiency stems from income attributable to her.

A taxpayer is entitled to relief under subsection (f) if, taking into account all of the facts and circumstances, it would be inequitable to hold the taxpayer liable for any unpaid tax or deficiency. Sec. 6015(f)(1). Both the scope and standard of our review in cases requesting equitable relief from joint and several income tax liability are de novo. Porter v. Commissioner, 132 T.C. 203 (2009).

Rev. Proc. 2003-61, sec. 4.01(1)-(7), 2003-2 C.B. 296, 297, sets out seven threshold conditions that a requesting spouse must meet before the Commissioner will consider a request for relief under subsection (f). We employ these conditions when reviewing the Commissioner's denial of relief. Washington v. Commissioner,

---

[3]Because Mr. Sotuyo is entitled to relief under sec. 6015(c), there is no need to discuss whether he is entitled to relief under sec. 6015(f). See sec. 6015(f)(2).

120 T.C. 137, 147-152 (2003); see also Schultz v. Commissioner, T.C. Memo. 2010-233.

One of the threshold conditions is that the income tax liability from which the requesting spouse seeks relief be attributable to the nonrequesting spouse with whom the requesting spouse filed the joint Federal income tax return. Rev. Proc. 2003-61, sec. 4.01(7). There are four exceptions to this condition, one being abuse not amounting to duress. Id. sec. 4.01(7)(d), 2003-2 C.B. at 298. If the requesting spouse was the victim of abuse before signing the return and did not challenge the treatment of any items on the return for fear of retaliation from the nonrequesting spouse, the Internal Revenue Service will consider granting equitable relief although the deficiency may be attributable to the requesting spouse. Id.

The deficiency is attributable to unreported income of $9,600 Ms. Caro earned while working for Kennedy Dolan.

Ms. Caro introduced into evidence a police report documenting an alleged incident of domestic violence between her and Mr. Sotuyo. She was listed as the victim but did not press any charges, and no arrests were made. Ms. Caro testified that there were other instances of abuse. Mr. Sotuyo countered that testimony with allegations that Ms. Caro abused him and their daughter. Ms. Caro's testimony

about additional incidents of abuse and Mr. Sotuyo's testimony about alleged abuse is self-serving, and the Court does not have to accept it as the truth. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Additionally, petitioners sought and received joint legal and shared physical custody of their daughter during their divorce, and the family court did not order supervised visitation. The Court concludes that Ms. Caro's evidence of abuse does not rise to the level of abuse that would keep her from challenging the omission of income for fear of Mr. Sotuyo's retaliation.[4]

The income tax liability from which Ms. Caro seeks relief is attributable to her, and no exception to that condition applies. Therefore, Ms. Caro is not entitled to relief under section 6015(f).

IV. Conclusion

After review of all of the evidence, the Court holds that Mr. Sotuyo is not entitled to relief under section 6015(b) but is entitled to relief under section 6015(c) for the 2008 deficiency. The Court also holds that Ms. Caro is not entitled to relief under section 6015(f) for the 2008 deficiency.

---

[4]Petitioners testified about a video showing a car exploding with a woman inside that Mr. Sotuyo emailed to Ms. Caro. Mr. Sotuyo testified that he believed he sent Ms. Caro the email but said they "sent things back and forth." It is not clear from the record when this email was sent and received.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.